IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STEVEN D. WALKER, TDCJ No. 01927071, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-17-3133 |
| LORIE DAVIS, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § § § § § | |
| Respondent. | § § | |

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

Steven D. Walker, a Texas state prisoner, brings this habeas corpus action under 28 U.S.C. §§ 2241 and 2254. Walker challenges a disciplinary conviction for being "out of place." (DHR at 1–2). The respondent, Lorie Davis, Director of the Texas Department of Criminal Justice, moves to dismiss Walker's second claim with prejudice because Walker failed to exhaust his state-court remedies and his claim is now procedurally barred. Davis alternatively moves to dismiss with prejudice because Walker's claims lack merit.

Walker's complaint alleges that:

1. he lacked the requisite intent to commit the disciplinary offense because he was unable to hear the orders of the correctional officer due to an ear and throat infection; and

2. his rights were violated due to the unequal treatment of similarly situated offenders.

Fed. Writ Pet. at 5–7.

Walker is in custody under the conviction and sentence for the third-degree felony of driving under the influence. (Cause Number 141248801010, 339th District Court, Harris County, Texas). He received an 8-year prison term. *Id.* Walker does not challenge his conviction or sentence, but instead challenges his 2017 prison disciplinary conviction. Fed. Writ Pet. at 5.

On May 17, 2017, TDCJ notified Walker that he was charged with violating the TDCJ-CID *Disciplinary Rules and Procedures for Offenders*, for being out of place. DHR at 1–2. On May 17, 2017, Walker signed the section of the Final Hearing Report stating that he waived his right to the 24-hour hearing notice and "authorized the hearing officer to proceed with the hearing." *Id.* at 1. At the May 18, 2017 hearing, the hearing officer found Walker guilty of being out of place. His punishment was to lose 45 days of recreation privileges, 45 days of commissary privileges, and 30 days of good time. *Id.* at 1, 6. Walker submitted a Step 1 and Step 2 offender grievance form. The TDCJ denied both grievances. *Id.* at 2, 4.

Walker filed this federal habeas petition on October 13, 2017.[1] Fed. Writ Pet. at 10. The record includes the Disciplinary Hearing Record, the Disciplinary Grievance Record, and the Disciplinary Hearing Audio Recording, with accompanying business records affidavits, as well as a copy of Walker's commitment inquiry screen, with explanations.

## I. The Summary Judgment Standard

"Summary judgment in federal habeas is different than in the average civil case." *Torres v. Thaler*, 395 Fed. App'x. 101, 106 (5th Cir. 2010) (citing *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *abrogated on other grounds by Tennard v. Dretke*, 542 U.S. 274, 284 (2004)). "As a

---

[1] *See Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (for purposes of determining the applicability of AEDPA, a federal petition is filed on the date it is placed in the prison mail system).

general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases." *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000). The Federal Rules of Civil Procedure apply to habeas cases only as consistent with established habeas practice and procedure. *See* Rule 11 of the Rules Governing Section 2254 Cases.

> [Section] 2254(e)(1) – which mandates that findings of fact made by a state court are 'presumed to be correct' – overrides the ordinary rule that, in a summary judgment proceeding, all disputed facts must be construed in the light most favorable to the nonmoving party. Unless [the petitioner] can 'rebut [ ] the presumption of correctness by clear and convincing evidence' as to the state of the court's findings of fact, they must be accepted as correct.

*Smith*, 311 F.3d at 668.

Pleadings by a self-represented litigant are reviewed under a less stringent standard than those drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). These pleadings are entitled to a liberal construction giving all reasonable inferences which can be drawn from them. *See Haines*, 404 U.S. at 521. "Although the pleadings filed by pro se parties are held to 'less stringent standards than formal pleadings drafted by lawyers,' pro se parties must still comply with the rules of procedure and make arguments capable of withstanding summary judgment." *Martin v. Harrison County Jail*, 975 F.2d 192, 193 (5th Cir. 1992); *see also Ogbodiegwu v. Wackenhut Corrections Corp.*, 202 F.3d 265 (5th Cir. 1999) (unpublished table opinion).

## II. The Issue of Exhaustion

Walker claims that he lacked the requisite intent to commit the disciplinary offense because he was unable to hear the orders of the correctional officer due to an ear and throat infection, and that his rights were violated by the unequal treatment of similarly situated offenders. (Fed. Writ Pet. at 5–7). An inmate challenging a prison disciplinary conviction must exhaust his administrative

remedies before filing a federal § 2254 petition. *Lerma v. Estelle*, 585 F.2d 1297, 1299 (5th Cir. 1978); *Broussard v. Walker*, 918 F.Supp. 1040, 1043 (E.D. Tex. 1996). Exhaustion requires following the TDCJ internal grievance procedures, *id.* at 1043 (citing *Gartrell v. Gaylor*, 981 F.2d 254, 258 n. 3) (5th Cir. 1993)). A petitioner must present his claims according to the procedural rules of the administrative body. *Castille v. Peoples*, 489 U.S. 346, 351 (1989). The TDCJ grievance procedure has two steps that a petitioner must exhaust. *Walker v. Walker*, 385 F.3d 503, 515 (5th Cir. 2004) (citing *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001)). Even if a claim is unexhausted, the court may deny it on the merits. 28 U.S.C. § 2254(b)(2) (West 2018); *Mercadel v. Cain*, 179 F.3d 271, 276–78 (5th Cir. 1999).

Walker failed to mention his second claim in either of his grievance forms. DGR at 1–4. He did not comply with the TDCJ's internal grievance procedure as to the second claim, which is unexhausted. Dismissal may be with prejudice, however, because the claim is procedurally defaulted. Any subsequent effort to exhaust this claim would be untimely.[2] Even if Walker were to present this claim to the Texas Court of Criminal Appeals in a state habeas application, it would be dismissed because prison disciplinary challenges cannot be reviewed on state habeas. *See Ex parte Brager*, 704 S.W.2d 46 (Tex. Crim. App. 1986) (the Texas Court of Criminal Appeals will not review challenges to prison disciplinary actions in a state habeas application).

The record provides no basis to conclude that Walker's failure to exhaust his administrative remedies was due to "an absence of available State corrective process," or to an ineffective process "to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i) & (ii) (West 2018). Walker has

---

[2]TDCJ-CID, *Offender Orientation Handbook* <http://www.tdcj.state.tx.us/documents/Offender_Orientation_Handbook_English.pdf> at 73–75 (establishing that offenders have fifteen days from the date of the incident to raise a step-one grievance, and fifteen days from a denial of a step-one grievance to file a step-two grievance).

not demonstrated an adequate cause for the default, or that he was actually prejudiced. *State v. Fuller*, 11 F.3d 61, 62 (5th Cir. 1994); *Walker v. Cain*, 215 F.3d 489, 494 (5th Cir. 2000); Walker's second claim is unexhausted and procedurally barred, and it is dismissed with prejudice.

## III. The Issue of a Due Process Violation

Walker's disciplinary case resulted in him losing 45 days of recreation, 45 days of commissary, and 30 days of good time. "[T]he Due Process Clause does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner." *Sandin v. Conner*, 515 U.S. 472, 478 (1995). It is the quantity of time served that creates a liberty interest, rather than the quality of time served. *Sandin*, 515 U.S. at 483–84; *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997). To implicate due process based on the quality of the time served requires the inmate to show an "atypical and significant hardship in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484. The loss of recreation and commissary privileges is not an "atypical and significant hardship." *See id.* These losses are "changes in the conditions of [Walker's] confinement" that "do not implicate due process concerns." *See Madison*, 104 F.3d at 768 (losing 30 days of commissary and 30 days of cell restrictions do not implicate due process); *see also Sandin*, 515 U.S. at 486 (administrative segregation does not implicate a liberty interest.) Walker's claim that his due process rights were violated by the loss of these days of recreation and commissary privileges is dismissed, with prejudice.

## IV. The Issue of Good-Time Revocation

Walker's loss of 30 days of good-time credit does implicate a liberty interest. *See* Tex. Gov't Code §§ 508.147, 508.149 (West 2013); *see* Exhibit A; DHR at 1, 8. To show that he was deprived of due process by this punishment, Walker must show that the conduct of the disciplinary proceeding

did not meet due process requirements. 418 U.S. at 556–70. These requirements are that the inmate be provided: 1) advance written notice of the disciplinary charges; 2) an opportunity to call witnesses and present documents when it is not unduly hazardous to institutional safety and correctional goals; and 3) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. *Id.* at 563–67. The inmate must show prejudice from any due process violation. *See Jackson v. Cain*, 864 F.2d 1235, 1251 (5th Cir. 1989).

The record shows that Walker received written notice of his disciplinary charges and of the hearing on March 17, 2017, at 2:55 p.m. Although Walker signed on that same date and waived his right to the 24-hour notice before the hearing, DHR at 1, the hearing was held on May 18, 2017. DHR at 1; DHA. Walker was informed of his right to call and question witnesses and present documentary evidence, and he had the opportunity to do so at his hearing. DHR at 1, 4, 6; DHA. Walker signed a document after the hearing in the section labeled "Offender Signature for Receipt of Final Report," stating he had received the TDCJ Disciplinary Report and Hearing Record. DHR at 1. The Report set out the evidence relied upon and the reasons for the disciplinary action. DHR at 1. The record shows that Walker received the process he was due.

Finally, Walker's challenges to the merits are undermined by the record, which demonstrates that there was some evidence to uphold the finding of guilt. The Supreme Court has held that due process is satisfied if a prison disciplinary conviction is supported by "some evidence." *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455–56 (1985). The "some evidence" standard is less exacting than the preponderance of the evidence standard, requiring only that the decision not be arbitrary or without support in the record. *Hill*, 472 U.S. at 457. The hearing officer based his finding of guilt on the charging officer's testimony and Offense Report. DHR at 1, 6;

DHA. The charging officer explained in detail how he determined that Walker was out of place. DHA; DHR at 1–2, 5–6. Walker was represented in the disciplinary hearing through a counsel substitute, who had the opportunity to cross-examine the charging officer. The DHO reviewed the evidence and concluded that Walker had been out of place as charged. DHA; DHR at 1, 6. This record, with the charging officer's testimony, contains enough facts to support the finding of guilt.

Walker contends that he lacked the intent to commit the disciplinary offense because an ear and throat infection made him unable to hear the correctional officer's orders. Fed. Writ Pet. at 6. Walker's claim fails because intent is not an element of the disciplinary offense of being "out of place." TDCJ-CID, *Disciplinary Rules and Procedures for Offenders* at 38; *see Avellaneda v. Quarterman*, No. CIV.A. V-07-19, 2008 WL 2168346, at *4–5 (S.D. Tex. May 23, 2008). "Out of place" is defined as: "a. In any unauthorized area, such as a cell or wing to which one is not assigned; or b. Failure to be at a designated area at a specified time, for example, the offender has a lay-in for a medical appointment, but goes to the library instead." TDCJ-CID, *Disciplinary Rules and Procedures for Offenders* <http://www.tdcj.state.tx.us/documents/Offender_Orientation_Handbook_English.pdf> at 38. The Offense Report states that Walker was out of place after being ordered back to his cell for "rack up" and "special count." DHR at. 2. Walker was "out of place" when he remained in an unauthorized area after he was ordered back to his cell for a special count. DHR at 2. The hearing officer found that there was sufficient evidence to support the conviction, and the record supports that result.

Walker also claims a violation of his equal protection right. A petitioner asserting this claim must show that prison officials acted with a "discriminatory purpose" and "created two or more classifications of similarly situated prisoners that were treated differently, . . . and (2) that the classification had no rational relation to any legitimate governmental objective." *Stefanoff v. Hays*

*County*, 154 F.3d 523, 527 (5th Cir. 1998); *Woods v. Edwards*, 51 F.3d 577, 580 (5th Cir. 1995). "Discriminatory purpose . . . implies that the decision maker selected a particular course of action at least in prat because of, and not simply in spite of, the adverse impact it would have on an identifiable group." *United States v. Galloway*, 951 F.2d 64, 65 (5th Cir. 1992). Walker argues that other inmates who were charged with the same or similar disciplinary offenses received different punishment, if they were punished at all. Fed. Writ Pet. While Walker has made conclusory allegations that other similarly situated inmates were punished differently, he has not alleged or identified record evidence that would support an inference that prison officials found him guilty because of purposeful discrimination or impermissible motive. Nor has he shown that he was convicted with insufficient evidence or that his punishment violated due process. This claim is dismissed.

## V. Conclusion

The motion for summary judgment is granted. Final judgment is entered by separate order. No certificate of appealability is issued because Walker does not meet the requirements.

SIGNED on July 27, 2018, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge